**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

**CHRISTOPHER BOFFOLI d/b/a BIG APPETITES STUDIO,**
Plaintiff,

Case No. 26 cv- 26-2219

vs.

**PEACE, LOVE AND LITTLE DONUTS, LLC,**
Defendant.

Counsel for Plaintiff:

**Louis J. Kroeck IV, Esquire**
LJK-LAW PLLC
1200 Sarah Street
Pittsburgh, PA 15203
Email: Lou@ljk-law.com
Phone: (412) 712-7605
Attorney for Plaintiff

"JURY TRIAL DEMANDED"

## COMPLAINT

Plaintiff Christopher Boffoli, d/b/a Big Appetites Studio ("Plaintiff" or "Mr. Boffoli"), by and through undersigned counsel, brings this action against Defendant Peace, Love and Little Donuts, LLC ("Defendant" or "PLLD") for contributory and vicarious copyright infringement in violation of the Copyright Act of 1976, as amended, 17 U.S.C. § 101 et seq., and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for contributory and vicarious copyright infringement arising from Defendant's repeated, widespread, and willful unauthorized use of Plaintiff's federally registered photograph (the "Image") across the social media accounts of at least thirteen (13) PLLD-branded retail locations in at least five (5) states, on at least fifty-one (51) separate occasions between January 2019 and March 2023.

2. Defendant is the franchisor of the "Peace, Love and Little Donuts" brand. Under Section 2.06.01 of Defendant's standard Franchise Agreement, every franchisee is contractually required to submit all marketing copy and media - including social media posts - to Defendant for pre-approval before publication, and Defendant retains the contractual right to order the immediate cessation of any advertisement or marketing technique it does not approve. Under Section 15.02(xxi) of the same agreement, Defendant may terminate a franchisee's franchise, without any opportunity to cure, for a breach of these advertising-standard provisions.

3. Defendant was placed on actual notice of the unauthorized use of the Image no later than March 31, 2023, when Plaintiff notified Defendant directly that a PLLD location had

posted the Image to Facebook without authorization and asked Defendant to ensure that any of its branches or franchisees that had used the Image remove it immediately. Defendant's Director of Franchise Development responded on April 5, 2023, acknowledging that "one of our Franchisees" had used the Image and representing that Defendant would "reiterate to our owners the proper use of images."

4. Despite this actual knowledge and Defendant's contractual right and ability to control its franchisees' marketing and advertising content, Defendant took no effective steps to identify or remove the Image from its franchise system. Unknown to Mr. Boffoli, the Image remained posted and publicly displayed on the Facebook and Instagram accounts of at least twelve (12) other PLLD-branded locations, in at least fifty (50) separate posts, for approximately three years after Defendant was notified, until Mr. Boffoli discovered those posts in 2026 and caused them to be removed.

5. Mr. Boffoli did not discover, and in the exercise of reasonable diligence could not have discovered, those additional posts before January 2026. This action is timely under 17 U.S.C. § 507(b).

6. Plaintiff seeks damages, disgorgement of Defendant's profits attributable to the infringement, injunctive relief, and attorneys' fees and costs.

## PARTIES

7. Plaintiff Christopher Boffoli is an individual and a professional fine art, editorial, and commercial photographer residing in Seattle, Washington, who does business as Big Appetites Studio. Mr. Boffoli is the creator and owner of a body of conceptual photographic work titled "Big Appetites," which depicts miniature figures interacting

with full-size food, and which has been published and licensed commercially throughout the world.

8. Defendant Peace, Love and Little Donuts, LLC is a Pennsylvania limited liability company formed on June 12, 2012, with its principal place of business at 104 Marshall Drive, Moon Township, Pennsylvania 15108. Defendant is the franchisor of a system of donut and coffee retail stores operating under the "Peace, Love and Little Donuts" trade name and marks in multiple states, including Ohio, Pennsylvania, New York, West Virginia, and Tennessee.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action arises under the Copyright Act of the United States, 17 U.S.C. § 101 et seq.

10. This Court has personal jurisdiction over Defendant because Defendant is a Pennsylvania limited liability company with its principal place of business in this District, regularly conducts business in this District, and the conduct giving rise to this action occurred in substantial part in this District.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in, and its principal place of business is located in, this District, and a substantial part of the events giving rise to the claims occurred here.

## FACTUAL ALLEGATIONS

### A. The Copyrighted Work

12. Mr. Boffoli is the sole author and owner of a photograph from his "Big Appetites" series depicting powdered-sugar donuts arranged to resemble a snow-covered landscape, with a miniature figure operating a toy snowblower amid the "snow" (the "Image"). A true and correct copy of the Image, in its original, unwatermarked form, is attached hereto as **Exhibit A.**

13. The Image is an original work of authorship that was created and completed by Mr. Boffoli in 2014.

14. The Image is registered with the United States Copyright Office under Registration No. VAu 1-198-948, effective January 8, 2015, as part of the continuing work titled "Big Appetites." A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit B**.

15. Mr. Boffoli is, and at all relevant times has been, the sole owner of all right, title, and interest in and to the Image, including the copyright therein.

16. Mr. Boffoli's commercial and editorial photography, including work comparable in scope and medium to the Image, regularly commands substantial licensing fees. By way of example, in 2019 Mr. Boffoli licensed comparable photographic work to a commercial client for $36,000 for a one-year, unlimited-use license limited to advertising on

Facebook, Instagram, and LinkedIn - the same platforms and general type of use at issue in this action.

### B. Defendant's Contractual Right to Control Franchisee Advertising

17. Defendant franchises the right to operate "Peace, Love and Little Donuts" retail stores to individual franchisees pursuant to a standard-form Franchise Agreement.

18. Section 2.06.01 of the Franchise Agreement ("Local Advertising and Marketing") requires that: "Franchisee shall promptly send to Franchisor for pre-approval copies of all marketing copy and media use. If Franchisor considers an advertisement or marketing technique not acceptable, Franchisee shall, immediately upon receipt of a written notice from Franchisor, cease using the subject advertisement or marketing technique."

19. Section 15.02(xxi) of the Franchise Agreement grants Defendant the right to terminate a franchisee's franchise, without any opportunity to cure the deficiency or remove the offending content, if the franchisee breaches the Franchise Agreement's advertising-standards provisions.

20. By virtue of these and related provisions, Defendant possesses, and at all relevant times has possessed, the contractual right and practical ability to review, approve, reject, and compel the immediate removal of any advertising or marketing content - including social media posts - used by any of its franchisees, including each of the franchise locations identified in this Complaint.

21. On information and belief, Defendant derives a direct and substantial financial benefit from its franchisees' social media marketing activity, including the posts at issue in this action, in the form of increased customer traffic, product sales, brand recognition, and royalty or similar revenue tied to franchisee sales.

### C. Defendant's 2023 Actual Notice of Infringement

22. On or about March 15, 2023, the PLLD store operating in Robinson Township, Pennsylvania posted the Image to its Facebook page without Mr. Boffoli's permission, license, or authorization, together with the caption "Even with the snow, think on the bright side. Our powdered donuts are amazing."

23. On information and belief, the Robinson Township store is not independently owned or operated, but is owned and operated by Defendant's principals, Ron Razete and Marci Razete, or by an entity under common ownership or control with Defendant.

24. Mr. Boffoli located the Robinson Township post in March 2023. Mr. Boffoli promptly reported the post to Facebook under the Digital Millennium Copyright Act, and Facebook removed it.

25. The Robinson Township post is alleged herein as evidence of Defendant's notice and knowledge, and of the circumstances in which Mr. Boffoli's 2023 inquiry was resolved.

26. On March 31, 2023, Mr. Boffoli sent written notice of this unauthorized use to Defendant, explaining that the Image was his copyrighted work and that it had been used without permission, and instructing Defendant that if Defendant or any of its branches or franchisees had used the Image anywhere else without his permission, they were to

remove it immediately and cease and desist from any future unauthorized use. A true and correct copy of Mr. Boffoli's March 31, 2023 email is attached hereto as **Exhibit C.**

27. On April 5, 2023, Jeff Bennett, Defendant's Director of Franchise Development, responded to Mr. Boffoli by email, acknowledging that "one of our Franchisees found your great image for those of us in the Northeast and used it in their social media posts," and representing that Defendant "will reiterate to our owners the proper use of images."

28. A true and correct copy of Mr. Bennett's April 5, 2023 email is attached hereto as **Exhibit D.**

29. Mr. Boffoli is not from Pennsylvania, he had no knowledge of the number of PLLD franchises nor did he have any reason to believe PLLD would have used his image elsewhere.

30. As of April 5, 2023, Defendant thus had actual knowledge that the Image was Mr. Boffoli's copyrighted work, that it had been used by at least one of Defendant's franchisees without authorization, that such use infringed Mr. Boffoli's copyright, and that Mr. Boffoli had specifically asked Defendant to identify and remove any other use of the Image anywhere in its franchise system.

31. At this juncture Mr. Boffoli believed the matter had concluded.

32. Mr. Bennett's response did not disclose that any other PLLD location had used the Image. It described the use as that of "one of our Franchisees" and represented that Defendant, as franchisor, would address the proper use of images with its owners.

33. Mr. Boffoli reasonably relied on that response. Having received an acknowledgment and an assurance of corrective action from the franchisor's Director of Franchise Development, the person responsible for Defendant's relationships with its franchisees, Mr. Boffoli reasonably understood the matter to have been addressed across Defendant's franchise system and had no reason to suspect that the Image remained posted on the accounts of other PLLD locations.

34. On information and belief, after receiving Mr. Boffoli's March 31, 2023 notice, Defendant did not review the social media accounts of its franchise locations for the Image, did not instruct any franchisee to remove the Image, and took no other step to identify or remove the Image from its franchise system.

**D. Additional Unauthorized Uses Discovered in 2026**

35. Notwithstanding Defendant's April 2023 representations, and despite Defendant's contractual right and ability under the Franchise Agreement to review, approve, and compel removal of franchisee advertising, the Image remained posted and publicly displayed, without Mr. Boffoli's permission, license, or authorization, on the social media accounts of numerous other PLLD-branded locations, where it had been posted before Mr. Boffoli's March 2023 notice.

36. Beginning in January 2026, Mr. Boffoli discovered that the Image had been posted without authorization on Facebook, Instagram, or both, by at least the following twelve (12) PLLD-branded locations, on the following posting dates. Each post remained live and publicly viewable until it was removed by Meta Platforms in response to Mr. Boffoli's takedown notices between January and June of 2026. A schedule identifying

each post by location, platform, posting date, and date of discovery is attached hereto as **Exhibit E,** and true and correct snapshots of the posts are attached hereto as **Exhibit F.**

- Avon, Ohio (7 posts): Facebook, January 20, 2019 (two posts), January 20, 2020, December 26, 2020, and February 15, 2021; Instagram, January 20, 2019, December 26, 2020, and February 15, 2021.
- Brentwood, Tennessee (1 post): Facebook, January 6, 2022
- Buffalo, New York (6 posts): Facebook, December 26, 2020, January 17, 2022, November 18, 2022, and December 23, 2022; Instagram, December 26, 2020 and November 18, 2022.
- Charleston, West Virginia (5 posts): Facebook, January 7, 2020, February 6, 2020, February 11, 2021, January 20, 2022, and March 12, 2022.
- Cranberry Township, Pennsylvania (1 post): Facebook, January 18, 2021.
- Green, Ohio (6 posts): Facebook and Instagram, February 1, 2021, January 18, 2022, and February 3, 2022.
- Hudson, Ohio (10 posts): Facebook and Instagram, February 15, 2021, January 17, 2022, February 2, 2022, and two posts on each platform on December 23, 2022.
- Massillon, Ohio (1 post): Facebook, March 12, 2022.
- Peters Township, Pennsylvania (6 posts): Facebook and Instagram, January 18, 2021, February 4, 2022, and March 12, 2022.

- Strongsville, Ohio (2 posts): Facebook, December 26, 2020 and February 15, 2021.
- Westlake, Ohio (1 post): Instagram, January 20, 2020.
- Westpark, Ohio (4 posts): Facebook, January 20, 2019, January 20, 2020, December 26, 2020, and February 15, 2021.

37. In total, Mr. Boffoli identified at least fifty (50) separate unauthorized uses of the Image across these twelve (12) PLLD locations, posted between January 2019 and December 2022, in addition to the March 15, 2023 Robinson Township post, for a total of at least fifty-one (51) unauthorized uses across thirteen (13) PLLD locations.

38. Many of these unauthorized posts appeared on the same or nearly identical dates across multiple, geographically distant PLLD locations, using identical or near-identical promotional captions, consistent with the centralized, franchisor-controlled marketing structure described in Section 2.06.01 of the Franchise Agreement, rather than independent, uncoordinated conduct by individual franchisees.

39. On information and belief, at least some of the infringing posts had Mr. Boffoli's identifying watermark, which identified his website, bigappetites.net, cropped or removed from the Image before posting. Removing the watermark required recognizing that the Image bore another person's identifying mark.

40. On April 20 and 21, 2026, Mr. Boffoli reported the infringing posts identified above to Meta Platforms, Inc. (the parent company of Facebook and Instagram) pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 512(c)(3), and Meta confirmed removal of the reported content between January and June of 2026.

### E. Mr. Boffoli's Discovery of the Additional Unauthorized Uses

41. Between April 2023 and December 2025, Mr. Boffoli had no knowledge that any PLLD location other than Robinson Township had posted the Image, and no information came to his attention during that period suggesting that the Image remained in use anywhere in Defendant's franchise system.

42. The additional posts were not reasonably discoverable. They had been made between January 2019 and December 2022, before Mr. Boffoli's 2023 notice, and by 2023 lay deep within the historical feeds of local business accounts that post frequently. Facebook and Instagram do not permit users to search posts by image, and posts on those platforms are not reliably located by publicly available reverse-image search tools. On information and belief, the removal of Mr. Boffoli's watermark from at least some of the posts further impeded their detection.

43. Plaintiff's ability to discover these infringements was further hindered by the failure of Defendant to include any attribution or credit to Mr. Boffoli in their posts. As a result Facebook's search system would not have returned any results under Mr. Boffoli's name.

44. In January 2026, Mr. Boffoli learned that the PLLD location in Avon, Ohio had posted the Image on its Instagram account twice This was the first information that came to Mr. Boffoli's attention indicating that any PLLD location other than Robinson Township had used the Image.

45. Mr. Boffoli then diligently investigated the Facebook and Instagram accounts of the approximately twenty-seven (27) PLLD-branded locations, which required manually reviewing several years of posting history on two platforms for each location. Mr. Boffoli

conducted this investigation while continuing to operate his photography business and discovered the additional posts on a rolling basis between January 2026 and June 2026, as set forth in **Exhibit E.**

46. As Mr. Boffoli is an accredited and talented artist he deals with thousands of infringements per year, manual searches such as the one he undertook regarding PLLD are extremely time consuming.

47. Mr. Boffoli did not discover, and in the exercise of reasonable diligence could not have discovered, any of the posts identified in Section D above before January 2026. Each of Mr. Boffoli's claims based on those posts therefore accrued within three years before the commencement of this action and is timely under 17 U.S.C. § 507(b).

48. In addition, and in the alternative, each of the posts identified in Section D above was publicly displayed on Facebook and/or Instagram, without authorization, throughout the three years preceding the commencement of this action, until Meta removed them between January and June of 2026.

49. In addition, and in the alternative, Defendant is equitably estopped from asserting that Mr. Boffoli should have discovered the posts earlier. Defendant's April 5, 2023 response acknowledged a single franchisee's use and represented that Defendant would address the proper use of images with its owners, while, on information and belief, Defendant took no step to identify or remove the other posts that remained on its franchisees' accounts.

### F. Defendant's Reckless Disregard of Mr. Boffoli's Rights

50. Under Section 2.06.01 of the Franchise Agreement, every PLLD franchisee was required to submit all marketing copy and media to Defendant for pre-approval. On information and belief, Defendant either reviewed and approved the posts at issue, or knowingly failed to implement or enforce any process for reviewing its franchisees' social media content despite having reserved that authority to itself.

51. On information and belief, neither Defendant nor any PLLD location had any policy or practice of confirming that images used in the PLLD system's marketing were licensed, notwithstanding that Defendant operates a multi-state franchise brand that markets itself extensively through social media.

52. The posting of the Image on the same dates, with identical or near-identical captions, by multiple PLLD locations in different states indicates, on information and belief, that the Image and accompanying captions originated from a common source within the PLLD system and were shared or circulated among PLLD locations, rather than being independently selected by each location.

53. After receiving Mr. Boffoli's March 31, 2023 instruction to identify and remove any other use of the Image within its franchise system, Defendant took no step to do so, and the Image remained publicly displayed on the accounts of twelve PLLD locations for approximately three more years.

54. Defendant's conduct, as alleged above, was undertaken with knowledge of, or in reckless disregard of, Mr. Boffoli's rights in the Image.

**G. Pre-Suit Notice**

55. On March 25, 2026, Mr. Boffoli sent written notice to Defendant's co-owner, Marci Razete, identifying the Robinson Township post and the additional posts he had then discovered, and requesting that Defendant resolve the matter.

56. Thereafter, Mr. Boffoli, individually and through counsel, provided Defendant and its counsel with further written notice of the additional unauthorized uses, including by letter dated June 9, 2026 identifying the thirteen (13) PLLD locations and fifty-one (51) posts. Defendant has disputed liability and has not resolved Mr. Boffoli's claims.

## COUNT I

### Contributory Copyright Infringement by Inducement (17 U.S.C. § 501)

57. Mr. Boffoli repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

58. Mr. Boffoli owns a valid copyright in the Image, registered with the United States Copyright Office under Registration No. VAu 1-198-948.

59. Defendant's franchisees, identified above, directly infringed Mr. Boffoli's exclusive rights under 17 U.S.C. § 106, including the exclusive rights to reproduce and publicly display the Image, by posting and publicly displaying the Image without Mr. Boffoli's authorization on their respective Facebook and/or Instagram accounts on at least fifty (50) occasions.

60. Defendant knew that its franchisees used images in their social media marketing, reserved to itself the right to pre-approve that marketing, and had actual knowledge no later than April 5, 2023 that its franchisees had used the Image without authorization.

61. Defendant intended and actively encouraged its franchisees' infringing conduct through specific affirmative acts, including, on information and belief, by supplying, circulating, or approving promotional images and captions for common use across multiple PLLD locations; by directing and promoting weather-related social media marketing across its franchise system; and by requiring franchisees to submit their marketing for Defendant's pre-approval and thereby approving or ratifying the posts at issue.

62. Defendant's affirmative conduct induced and encouraged the infringing activity of its franchisees within the meaning of the Copyright Act.

63. Defendant's contributory infringement was willful. Defendant acted with knowledge of, or in reckless disregard of, Mr. Boffoli's rights, as alleged in Section F above, including the removal of Mr. Boffoli's watermark from the Image, Defendant's failure to exercise the pre-approval authority it reserved over franchisee marketing, and Defendant's failure, after specific notice in March and April 2023, to take any step to identify or remove the Image from its franchise system.

64. As a direct and proximate result of Defendant's contributory infringement, Mr. Boffoli has suffered damages in an amount to be proven at trial, and Defendant has been unjustly enriched.

## COUNT II

### Vicarious Copyright Infringement

65. Mr. Boffoli repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

66. Defendant had the right and ability to supervise and control the infringing conduct of its franchisees, as expressly set forth in Sections 2.06.01 and 15.02(xxi) of the Franchise Agreement, which require franchisee marketing and advertising materials to be pre-approved by Defendant and permit Defendant to terminate, without opportunity to cure, any franchisee that violates these advertising-standard provisions.

67. Defendant's right and ability to supervise and control its franchisees' use of the Image does not depend on whether Defendant actually exercised that right; it is sufficient that Defendant possessed the contractual authority to do so.

68. Defendant derived a direct financial benefit from the infringing activity, in that the unauthorized use of the Image served as a promotional draw for Defendant's franchise locations, generating customer engagement, goodwill, and sales from which Defendant, as franchisor, financially benefits.

69. Further, the advertisements created an overall brand image that made Defendant more likely to induce others to open franchises in the future.

70. Defendant is therefore vicariously liable for the direct infringement of its franchisees identified above.

71. Defendant's vicarious infringement was willful. Defendant acted with knowledge of, or in reckless disregard of, Mr. Boffoli's rights, as alleged in Section F above, and, after receiving specific notice in March and April 2023, possessed and failed to exercise the contractual right and ability to require removal of the Image from its franchisees' accounts, where it remained publicly displayed for approximately three more years.

72. As a direct and proximate result of Defendant's vicarious infringement, Mr. Boffoli has suffered damages in an amount to be proven at trial, and Defendant has been unjustly enriched.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff Christopher Boffoli respectfully requests that this Court enter judgment in his favor and against Defendant Peace, Love and Little Donuts, LLC, and award the following relief:

A. A declaration that Defendant has contributorily and vicariously infringed Mr. Boffoli's copyright in the Image;

B. An award of Mr. Boffoli's actual damages, and/or disgorgement of all profits of Defendant attributable to the infringement, in an amount to be proven at trial pursuant to 17 U.S.C. § 504(b), or, at Mr. Boffoli's election, statutory damages pursuant to 17 U.S.C. § 504(c), including a separate award with respect to each franchisee for whose infringement Defendant is jointly and severally liable, and enhanced statutory damages for willful infringement;

C. A permanent injunction enjoining Defendant, its franchisees, agents, and all persons acting in concert with it, from any further reproduction, display, or other use of the Image without Mr. Boffoli's express written authorization;

D. An award of Mr. Boffoli's reasonable attorneys' fees and full costs of this action pursuant to 17 U.S.C. § 505;

E. Pre-judgment and post-judgment interest as allowed by law; and

F. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: October 11, 2026

Respectfully submitted,

LJK LAW, PLLC

BY: /s/ Louis Kroeck

Louis J. Kroeck IV, Esquire
LJK-LAW PLLC
1200 Sarah Street
Pittsburgh, PA 15203
Email: Lou@ljk-law.com
Phone: (412) 712-7605
Atty Id: 210045
**Attorney for Plaintiff**